IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOEL FINNEY,                        )
                    Petitioner,     )
                                    )
          v.                        )          Civil Action No. 05-0593
                                    )          Judge Gary L. Lancaster
FRANKLIN J. TENNIS, Superintendent, )          Magistrate Judge Amy Reynolds Hay
                    Respondent.     )

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that, to the extent that Petitioner is attacking his 1996

convictions for Rape and related charges his Petition for Writ of Habeas Corpus be dismissed as

untimely; to the extent that he is attacking the computation of his criminal sentences his Petition

should be dismissed without prejudice for failure to have exhausted his available state court

remedies. It is further recommended that a certificate of appealability be denied.

II.   REPORT

Petitioner, Joel Finney, a state prisoner incarcerated at the State Correctional Institution at

Houtzdale, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

wherein he raises claims concerning his 1996 convictions of Rape and related charges plus

claims concerning the computation of his criminal sentences.  For the reasons that follow, the

Petition should be dismissed.

On May 23, 1996, following a jury trial in the Court of Common Pleas of Beaver County,

Pennsylvania, Petitioner was convicted of two counts of Rape, one count of Involuntary Deviate

Sexual Intercourse, and one count of sexual assault.  On July 8, 1996, Petitioner was sentenced to

a term of confinement of from eighty (80) to two-hundred and forty (240) months for the Rape

convictions; no further sentence was imposed on the remaining charges.  Petitioner filed a notice

of appeal.  On November 26, 1997, the Superior Court affirmed Petitioner's judgment of

sentence.  Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that court on August 3, 1998.  No further action was taken regarding these convictions until Petitioner filed this federal Petition for Writ of Habeas Corpus on April, 25, 2005.

Meanwhile, in 1999, Petitioner was convicted of Involuntary Deviate Sexual Intercourse, Statutory Rape, Corruption of Minors, Indecent Assault and Indecent Exposure for actions that occurred in 1993 and was sentenced to an aggregate consecutive sentence of from ten (10) to twenty(20 years.  However, on July 26, 2001, the Superior Court reversed Petitioner's judgment of sentence and remanded the case for a new trial.  Apparently, the Commonwealth did not retry Petitioner on these charges.

Respondent asserts that the petition was untimely filed under the one-year limitations period applicable to such petitions.  28 U.S.C. § 2244(d).  In analyzing whether a petition for writ of habeas corpus has been timely filed under Section 2244(d), a federal court must undertake a three-part inquiry.  First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner filed a direct appeal from his sentence following sentencing.  On August 3, 1998, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal.  Under AEDPA,  direct review of Petitioner's conviction concluded, and the judgment became "final," on or about November 3, 1998, at the expiration of the ninety-day period within which Petitioner could have filed a petition for writ of certiorari in the

- 2 -

Supreme Court of the United States.  *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions).  Petitioner had one year from that date, *i.e.*, until November 3, 1999 to file a federal habeas corpus petition challenging his conviction.

As stated above, Petitioner's federal habeas corpus is dated and signed April 25, 2005, which is well past the expiration of his one-year limitations period.  Consequently, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Petitioner did not file any post conviction petitions.  Therefore, there is no basis upon which to apply the tolling provision.

Nor, after reviewing Petitioner's claims, is there any indication that the doctrine of equitable tolling should be applied in this action.  Although AEDPA's one-year limitation in Section 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner.  *Id*. at 978.

- 3 -

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if:  "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner.

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that, to the extent that Petitioner is attacking his 1996 convictions for Rape and related charges, the Petition be dismissed as untimely.

Petitioner also appears to be attacking the computation of his various criminal sentences. Specifically, Petitioner asserts that the Pennsylvania Department of Corrections (DOC) has miscalculated his maximum and minimum sentences because it has not deleted the vacated 1999 sentences from his Sentence Status Summary sheets.

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief.  To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review.  *See, e.g.,* Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).  Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied.  O'Sullivan v.

- 4 -

Boerckel, 526 U.S. 838 (1999).  The petitioner has the burden of establishing that exhaustion has been satisfied.  Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

In the case at bar, Petitioner complains that the Pennsylvania authorities did not properly credit the time he has remaining to serve on his Pennsylvania sentences because they have failed to remove his vacated sentences.  In essence, then, the Petitioner is claiming that the failure to properly calculate his Pennsylvania sentences results in his unlawful incarceration.  Pursuant to the exhaustion requirement, this Court must determine whether Petitioner has any available state court remedies to raise his sentencing credit claim.

First, Petitioner may have a state remedy by invoking the original jurisdiction of the Pennsylvania Commonwealth Court under 42 Penn. Cons. Stat. Ann. § 761 to challenge the computation of his sentence by the Pennsylvania Department of Corrections (DOC).  If the alleged error is thought to be the result of an erroneous computation of sentence by DOC, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging DOC's computation.  *See, e.g.*, Holloway v. Lehman, 671 A.2d 1179 (Pa. Commw. Ct. 1996) (original jurisdiction under 42 Pa. Cons. Stat. § 761(a)(1)); Commonwealth v. Perry, 386 Pa. Super. 534, 563 A.2d 511 (1989); Commonwealth ex rel. Saltzburg v. Fulcomer, 382 Pa. Super. 422, 555 A.2d 912 (1989); Wilson v. Com., Pennsylvania Bureau of Corrections, 85 Pa. Commw. 32, 480 A.2d 392, 393 (1984).

Second, Petitioner may have an available remedy under the state habeas corpus statute, 42 Pa. Cons. Stat. § 6502.  Habeas corpus is the recognized means for testing the legality of detention.  Com. v. Krall, 452 Pa. 215, 304 A.2d 488, 489 n.1 (1973); Kester v. Pennsylvania Bd. of Probation & Parole, 148 Pa. Commw. 29, 609 A.2d 622, 625 (1992).  In Com. v. Isabell, 503 Pa. 2, 467 A.2d 1287, 1291 (1983), the Pennsylvania Supreme Court held that the prisoner had the right to challenge the Department of Corrections' interpretation of his sentence through a

habeas corpus proceeding, even though petitioner's version of the correct sentence would not entitle him to immediate release.  Isabell, 467 A.2d at 1289.  The Pennsylvania Supreme Court reasoned in Isabell, "that where a prisoner did not mount a 'direct or collateral attack on the conviction or sentence imposed by the trial court,' the proper remedy was not under the Post Conviction Hearing Act (the predecessor statute [to the PCRA]), and '[c]onsequently, appellant may resort to the *writ of habeas corpus ad subjiciendum*.'"  Isabell, 467 A.2d at 1291.

In 1988, the Pennsylvania Post Conviction Hearing Act was repealed and replaced with the current PCRA, which provides that it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including habeas corpus and coram nobis."  42 Pa. Cons. Stat. Ann § 9542 (emphasis added). Notwithstanding, the Pennsylvania Supreme Court has determined that the writ of habeas corpus remains viable as a means of collateral review of a criminal conviction where the PCRA fails to provide a remedy.  Com. v. Peterkin, 554 Pa. 547, 722 A.2d 638, 639-40 (1999).  *See also* Com., Dept. of Corrections v. Reese, 774 A.2d 1255, 2001 Pa. Super. 98 (2001) (recognizing habeas corpus as a proper remedy when the petitioner alleged that he was being detained beyond his maximum sentence); Warren v. Pennsylvania Dept. of Correction, 151 Pa. Commw. 46,  616 A.2d 140 (1992) (recognizing habeas as potential remedy for review of DOC's computation of a prisoner's sentence but concluding that the Commonwealth Court could not consider the writ because it was not ancillary to a case in the Court's appellate jurisdiction); Brown v. Department of Corrections, 144 Pa. Commw. 610, 601 A.2d 1345 (1992) (inmates' action was habeas corpus proceeding because it sought solely to challenge legality of their confinement); McNair v. Owens, 133 Pa. Commw. 357, 576 A.2d 95 (1990) (habeas is proper remedy to challenge the legality of DOC's custody over him based on its determination that he has not completed his sentence).

- 6 -

Third, the Petitioner may also seek mandamus relief in the Pennsylvania courts.  To state a valid claim in mandamus, a person must show: (1) a ministerial act or mandatory duty on the part of the Respondents; (2) a clear legal right in him to the relief he seeks; (3) a clear corresponding duty in the Respondents to provide him that relief; and (4) the lack of any other adequate and appropriate remedy.  County of Allegheny v. Com., 507 Pa. 360, 490 A.2d 402 (1985).  Mandamus is an appropriate remedy to compel appropriate action, *e.g.*, the proper calculation of a prisoner's sentence, from the Pennsylvania Department of Corrections and/or the Pennsylvania Board of Probation and Parole.  *See, e.g.*, Com. v. Tilghman, 543 Pa. 578, 673 A.2d 898 (1996); Kisner, 683 A.2d at 353; Wilder v. Department of Corrections, 673 A.2d 30 (Pa. Commw. Ct.), *appeal denied*, 681 A.2d 1344 (1996);  Mueller v. Com., State Police Headquarters, 110 Pa. Commw. 265, 271, 532 A.2d 900, 903 (1987); Gillespie v. Com., Department of Corrections, 527 A.2d 1061, 1064 (1987) (holding that a prisoner can challenge the aggregation of his sentences through a mandamus action), *alloc. denied*, 540 A.2d 535 (Pa. 1988); Bronson v. Com. Bd. of Probation and Parole, 491 Pa. 549, 554, 421 A.2d 1021, 1023 (1980) (holding that a proceeding in mandamus is available to compel the Board of Probation and Parole to conduct a hearing or correct a mistake in applying the law), *cert. denied*, 450 U.S. 1050 (1981).

In the case at bar, the sole basis for relief with respect to Petitioner's sentencing claim lies in the interpretation of his Pennsylvania sentences, which are governed under Pennsylvania law. Before exhaustion of state remedies will be excused by a federal habeas court, state law clearly must foreclose state court review of unexhausted claims.  Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).  The exhaustion requirement requires this Court to give state courts the first opportunity to "consider allegations of legal error without interference from the federal judiciary."  Doctor, 96 F.3d at 683 (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

The United States Court of Appeals for the Third Circuit repeatedly has required Pennsylvania prisoners to attempt to exhaust their state remedies before allowing federal habeas court review.  In Banks v. Horn, 126 F.3d 206, 213, (3d Cir. 1997), the court stated that, even in questionable cases, it is better that the state courts make the determination of whether the state will address the merits of a petitioner's claim.  Also, in Lambert v. Blackwell, 134 F.3d 506 (3rd Cir. 1997), *as amended* (Jan. 16, 1998), *rehearing and suggestion for rehearing in banc denied*, (Jan. 26, 1998), the Court of Appeals held that the district court lacked authority to consider the merits of the petitioner's unexhausted claims.  In so holding, the court concluded that collateral review of the petitioner's unexhausted claims was not so clearly foreclosed under Pennsylvania's Post Conviction Relief Act such that further state proceedings could be deemed futile.  *Id.*, 134 F.3d at 516.  *See also* Christy v. Horn, 115 F.3d 201 (3d Cir. 1997) (habeas petition of capital prisoner should have been dismissed for lack of exhaustion as no exceptional circumstances excused nonexhaustion); Doctor, 96 F.3d 675 (petitioner did not exhaust state remedies because "miscarriage of justice" exception to waiver rule may permit unexhausted claims to be considered under PCRA).

As discussed above, Petitioner may present his claims to the Pennsylvania state courts through an original action in the Pennsylvania Commonwealth Court and/or through a mandamus action and/or through a petition for writ of habeas corpus relief.  The Pennsylvania courts, as the ultimate interpreters of Pennsylvania law, should be given the first opportunity to review the Petitioner's claim.

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518.  Accordingly, this Court must stay its hand and dismiss the petition without prejudice to refiling after Petitioner has exhausted his potential state court remedies with respect to his sentencing calculation claim.

A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).  In Slack v. McDaniel, the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85.  The test is conjunctive and both prongs must be met.  See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not filed his habeas petition within the one-year limitations period.  Nor would jurists of reason find it debatable that Petitioner has failed to exhaust his sentence calculation claim through the Pennsylvania state courts.  Accordingly, a certificate of appealability should be denied.  Because of this conclusion, the court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether petitioner has made a substantial showing of a denial of a constitutional right.

III.   CONCLUSION

It is respectfully recommended that, to the extent that Petitioner is attacking his 1996 convictions for Rape and related charges his Petition for Writ of Habeas Corpus be dismissed as untimely; to the extent that he is attacking the computation of his criminal sentences his Petition should be dismissed without prejudice for failure to have exhausted his available state court remedies. It is further recommended that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   20 March, 2006

cc:   Hon. Gary L. Lancaster
      United States District Judge

      Joel Finney, DA-7343
      P. O. Box 1000
      Houtzdale, PA 16698-1000

      Ahmed Aziz
      Office of the District Attorney
      Beaver County Courthouse
      Beaver, PA 15009

- 10 -